**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTHONY GUTIERREZ,

        Petitioner,

v.                                  No.    CV 16-639 WJ/CG
                                               CR 12-155 WJ

UNITED STATES OF AMERICA,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court upon Petitioner Anthony Gutierrez' *28 U.S.C.*

*§ 2255 Amended Motion to Vacate Sentence* ("Motion"), (CV Doc. 7), filed September 8,

2016; Respondent *United States' Response to Defendant's Amended Motion to Vacate*

*Sentence* ("Response"), (CV Doc. 12), filed December 22, 2016; and Petitioner's *Reply*

*re Response to § 2255 Petition* ("Reply"), (CV Doc. 16), filed January 20, 2017.[1]

United States District Judge William P. Johnson referred this case to Magistrate

Judge Carmen E. Garza to perform legal analysis and recommend an ultimate

disposition. (CV Doc. 18). After considering the parties' filings, the record of the case,

and relevant law, the Court **RECOMMENDS** that Petitioner's *28 U.S.C. § 2255*

*Amended Motion to Vacate Sentence*, (CV Doc. 7) be **DENIED**, and that this case be

**DISMISSED WITH PREJUDICE**.

    **I.**    **Background**

On January 26, 2012, a grand jury returned an indictment charging Petitioner

with: (1) Conspiracy to Commit Interference with Interstate Commerce by Robbery, in

---

[1] Documents referenced as "CV Doc. ___" are from case number CV 16-639 WJ/CG. Documents referenced as "CR Doc. ___" are from case number CR 12-155 WJ.

violation of 18 U.S.C. § 1951(a); (2) Interference with Interstate Commerce by Robbery

and Violence, in violation of 18 U.S.C. § 1951(a), and Aiding and Abetting, in violation of

18 U.S.C. § 2; (3) Using, Carrying and Possessing a Firearm During and in Relation to

and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c), and Aiding

and Abetting, in violation of 18 U.S.C. § 2; and (4) Felon in Possession of a Firearm and

Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR Doc. 2). On

November 21, 2012, Petitioner pled guilty pursuant to a Fed. R. Civ. P. 11(c)(1)(C) plea

agreement to Counts 3 and 4 of the indictment. (CR Doc. 66 at 2). Petitioner's

presentence report ("PSR") provided that Petitioner was subject to a minimum 84-month

sentence for Count 3, and an advisory guideline range of an additional 46 to 57 months

for Count 4. (CV Doc. 12 at 2). In the plea agreement, the parties stipulated to a

sentence of 96 months. (CR Doc. 66 at 4). On March 27, 2013, Petitioner was

sentenced to 84 months as to Count 3, and 12 months as to Count 4, with the terms to

run consecutively for a total sentence of 96 months imprisonment. (CR Doc. 90 at 3).

Section 924(c) mandates an enhanced sentence for "any person who, during and

in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm,

or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A). A "crime

of violence" is defined in this statute as:

> [A]n offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or
> > threatened use of physical force against the person or
> > property of another, or
> >
> > (B) that by its nature, involves a substantial risk that
> > physical force against the person or property of
> > another may be used in the course of committing the
> > offense.

§ 924(c)(3)(A)-(B).

In his Motion, Petitioner contends that his 84-month mandatory sentence under § 924(c) for use of a firearm during a crime of violence is unconstitutional. (CV Doc. 7 at 2). Specifically, Petitioner argues that his predicate offenses of robbery and conspiracy under § 1951(a) (the "Hobbs Act") are no longer "crimes of violence" following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at 3. While the Supreme Court in *Johnson* struck down the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. 924(e)(2)(B)(ii), as unconstitutionally vague, Petitioner contends that the residual clause of § 924(c)(3)(B) "is materially indistinguishable from the ACCA residual clause." *Id.* at 6. In addition, Petitioner contends that Hobbs Act robbery and conspiracy do not qualify as crimes of violence under § 924(c)(3)(A)'s force clause. *Id.* at 7-16. Therefore, Petitioner argues that there is no legal basis for his § 924(c) conviction, and he asks the Court to dismiss Count 3 of the indictment and resentence him. *Id.* at 17.

In response, Respondent first argues that Petitioner waived his right to collaterally attack his convictions. (CV Doc. 12 at 2-7). Respondent further contends that the holding in *Johnson* does not apply to § 924(c) because the residual clauses in § 924(c) and the ACCA are substantially different. *Id.* at 7-11. Finally, Respondent argues that Hobbs Act robbery, Petitioner's predicate offense, is a crime of violence under § 924(c)(3)(A)'s force clause, without resort to § 924(c)(3)(B)'s residual clause. *Id.* at 11-15.

## II.    Standard of Review Under 28 U.S.C. § 2255

Section 2255 provides that a federal prisoner may challenge his sentence if: (1) it was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. 28 U.S.C. § 2255(a). If the court finds that a sentence infringed upon the prisoner's constitutional rights and is subject to collateral review, the court must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

## III.    Analysis

### A.  *Whether Petitioner Waived His Right to File This Motion Under § 2255*

Petitioner's plea agreement includes a "Waiver of Appeal Rights," which states:

> [Petitioner] knowingly waives the right to appeal [his] conviction(s) and any sentence, including any order of restitution, within the statutory maximum authorized by law and imposed in conformity with this plea agreement. In addition, [Petitioner] agrees to waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

(CR Doc. 66 at 6).

A petitioner's waiver of his right to collateral attack under § 2255 "is generally enforceable where the waiver is expressly stated in the plea agreement." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). When a petitioner waives the right to collaterally attack his sentence in a plea agreement but later files a § 2255 motion, courts must decide: (1) whether the collateral attack falls within the scope of the waiver; (2) whether the petitioner knowingly and voluntarily waived his right to collateral review;

4

and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The Court must "strictly construe[]" the waiver's scope, and "any ambiguities . . . will be read against the Government and in favor of" the petitioner's right to collateral review. *Id.* (citation omitted).

### 1. *Within the Scope of the Waiver*

Petitioner agreed to waive his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255, except on the issue of his counsel's ineffective assistance in negotiating or entering the plea or waiver. (CR Doc. 66 at 6). Petitioner's claim is a collateral attack on his conviction, brought pursuant to 28 U.S.C. § 2255, and Petitioner does not allege that his counsel was ineffective in negotiating the plea or the waiver. Therefore, the Court finds that Petitioner's claim falls within the scope of the waiver.

### 2. *Knowing and Voluntary*

The plea agreement clearly states the nature of the waiver, and Petitioner "agree[d] and represent[ed] that this plea of guilty is freely and voluntarily made." (CR Doc. 66 at 6-7). Petitioner also represented:

> I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Id.* at 8-9. Petitioner's attorney represented that she had "carefully discussed every part of this agreement with [her] client," and that to her knowledge, Petitioner's "decision to

enter into this agreement is an informed and voluntary one." *Id.* at 8. At Petitioner's change of plea hearing, the District Judge accepted Petitioner's plea, finding that Petitioner "fully understands the charge(s), terms of plea, and consequences of entry into plea agreement," and that the plea was "freely, voluntarily, and intelligently made." (CR Doc. 68). Based on this evidence, and noting that Petitioner does not dispute that he knowingly and voluntarily agreed to the waiver, the Court finds that Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence.

### 3. *Miscarriage of Justice*

While Petitioner does not dispute that his Motion falls within the scope of the waiver, or that he knowingly and voluntarily waived his right to collateral review, Petitioner does argue that enforcing the waiver would result in a miscarriage of justice. (CV Doc. 16 at 7-11). The Tenth Circuit has explained that enforcement of a waiver results in a miscarriage of justice in four situations: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. "This list is exclusive; enforcement of an appellate waiver does not result in miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (citation omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (citation omitted).

Petitioner makes no suggestion, nor is there any evidence before the Court, that any of the first three situations are implicated here. Petitioner argues, however, that enforcement of the waiver would result in a miscarriage of justice because Petitioner's sentence is based on § 924(c)'s residual clause, which is unconstitutional pursuant to *Johnson*. (CV Doc. 16 at 8-11).[2] Petitioner relies on *United States v. Madrid*, 805 F.3d 1204, 1212 (10th Cir. 2015), in which the Tenth Circuit found that the imposition of an enhanced sentence pursuant to the unconstitutionally vague residual clause in the Sentencing Guidelines undermined the fundamental fairness of the defendant's sentencing hearing. *Id.* at 8-9. Petitioner also relies on *United States v. Daugherty*, No. 07-CR-87-TCK, 2016 WL 4442801 (N.D. Okla. Aug. 22, 2016) (unpublished), in which the district court found that it would be a miscarriage of justice to enforce a collateral-attack waiver in a post-conviction attack based on *Johnson*. *Id.* at 9. Finally, Petitioner relies on several cases outside the Tenth Circuit where courts have declined to enforce collateral-attack waivers in cases raising *Johnson* claims. *Id.* at 10-11 (citing cases from the Ninth and Sixth Circuits, the Western District of New York, the Eastern District of Michigan, the Southern District of California, the Eastern District of Washington, and the District of Oregon).

The Court finds Petitioner's reliance on *Madrid* and *Daugherty* unpersuasive. In *Madrid*, the Tenth Circuit considered whether the defendant forfeited his right to object to his sentence by failing to assert that the residual clause in § 4B1.2(a)(2) was void for vagueness. *Madrid*, 805 F.3d at 1211. Forfeiture is the failure to timely assert a right or

---

[2] It is important to note that Respondent argues in its response to Petitioner's Motion that the *Johnson* holding does not apply to § 924(c), and that, regardless, Petitioner's predicate offenses qualify as crimes of violence under § 924(c)'s force clause. (CV Doc. 12 at 7-15). Nevertheless, because the validity of the collateral attack waiver in Petitioner's plea agreement is not dependent on the merits of Petitioner's underlying claim, and because the Court finds below that the waiver is enforceable, the Court does not reach these issues.

the failure to timely object to the violation of a right. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007). Waiver, on the other hand, is the "intentional relinquishment or abandonment of a known right." *Olano*, 507 U.S. at 733 (internal quotation marks omitted). Forfeiture occurs through neglect, whereas waiver is intentional. *See Carrasco-Salazar*, 494 F.3d at 1272. In other words, unlike the defendant in *Madrid*, who had forfeited his right to object to his sentence by failing to assert that the residual clause in § 4B1.2(a)(2) was void for vagueness, Petitioner intentionally relinquished his right to collaterally attack his conviction, regardless of the merits of any claims he may have had.

In *United States v. Frazier-LeFear*, 665 Fed. Appx. 727, 732-33 (10th Cir. 2016) (unpublished), the Tenth Circuit considered the *Madrid* holding in the context of whether a collateral-attack waiver was unlawful. The Tenth Circuit held that it is not a miscarriage of justice to enforce a defendant's waiver to collaterally attack his sentence with respect to a claim raised in light of the *Johnson* decision. *Id.* In so holding, the Tenth Circuit abrogated the holding in *Daugherty*, stating that "[t]he analytical mistake in *Daugherty*" stems from Tenth Circuit precedent "explaining [that] *Hahn's* fourth miscarriage-of-justice exception makes it clear that it is the waiver, not some other aspect of the proceeding, that must be unlawful to undermine the waiver." 665 Fed. Appx. 732. Thus, an error rendering a waiver "otherwise unlawful" must relate to the waiver itself, not to another aspect of the proceedings, such as the validity of a defendant's conviction or sentence. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some

procedural error or because no waiver is possible."). That an error is based on a constitutional claim or an intervening change in the law does not change this analysis. *See Frazier-LeFear*, 665 Fed. Appx. at 773 ("Given our own precedent enforcing waivers with respect to both changes in law and claims of constitutional error (except those which render the waiver itself unlawful), this panel is not in a position at this late date to recognize a limitation on waiver[s] for constitutional challenges to sentence[s] based on post-plea changes in law.").

Here, Petitioner does not argue that his waiver of appeal rights is itself unlawful or improper. Instead, he contends that, because the residual clause of § 924(c) has been rendered unconstitutional by *Johnson*, his "sentence undermines the fundamental fairness of a sentence and causes a miscarriage of justice." (CV Doc. 16 at 11). As explained by the Tenth Circuit:

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes [sic] certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

*Frazier-LeFear*, 665 Fed. Appx. at 730 (alterations in original). Moreover, "[a] defendant may preserve appellate rights in this respect . . . by including an explicit exception in his waiver for favorable changes in the law." *Id.* at 730, n.3.

Because Petitioner has not alleged any error that relates to the appellate waiver itself, the Court finds that the waiver is enforceable under *Frazier-LeFear*. Additionally,

because Tenth Circuit law on this issue is clear and binding on this Court, the Court

finds it unnecessary to distinguish the out-of-circuit cases relied on by Petitioner.

### IV.        Recommendation

For the foregoing reasons, the Court finds that Petitioner knowingly and

voluntarily waived his right to bring the claim he asserts in his Motion, and that enforcing

the waiver would not constitute a miscarriage of justice. Therefore, the Court

**RECOMMENDS** that Petitioner's *28 U.S.C. § 2255 Amended Motion to Vacate

Sentence*, (CV Doc. 7) be **DENIED**, and that this case be **DISMISSED WITH

PREJUDICE**. The Court also **RECOMMENDS** that a certificate of appealability be

**DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE